**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 230269-U

Order filed October 16, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 21st Judicial Circuit, |
| DARLENA ERICKSON n/k/a | ) | Kankakee County, Illinois, |
| DARLENA GOMEZ, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | Appeal No. 3-23-0269 |
| and | ) | Circuit No. 16-D-194 |
| | ) | |
| CODY ERICKSON, | ) | Honorable |
| | ) | Scott N. Sliwinski, |
| Respondent-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Presiding Justice Holdridge and Justice McDade concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: In denying the petitioner's petition to relocate, the court failed to consider the statutory factors within the context of the children's best interests.

¶ 2     Following the dissolution of their marriage, the parties shared equal parenting time for their minor children. Petitioner Darlena Gomez moved to modify the parenting agreement and sought leave to relocate the children 75 miles from respondent Cody Erickson. The court denied her

petition and modified the parenting plan, granting respondent more parenting time during the school year. We vacate the court's judgment and remand.

¶ 3                                    I. BACKGROUND

¶ 4        Petitioner and respondent were divorced in 2017 and have two children, A.E. and J.E. In the allocation judgment, they agreed to share all decisionmaking responsibilities and equal parenting time. Petitioner's parenting time was on Mondays, Tuesdays, and alternate weekends. Respondent's parenting time was on Wednesdays, Thursdays, and alternate weekends. The parties agreed the children would continue to attend their private school, Kankakee Trinity Academy (KTA). Respondent was designated as the primary residential parent for the purposes of education and if the children attended public school, they would attend the school in the district where respondent resides. The parties agreed neither would relocate more than 50 miles from their current residence, or more than 25 miles if they moved to the counties of Cook, Du Page, Kane, Lake, McHenry, or Will, without either the other parent's agreement or leave of court.

¶ 5        In May 2021, petitioner provided respondent written notice of her desire to relocate from Bourbonnais to St. Charles, approximately 75 miles away. Respondent objected to the relocation. In June 2021, petitioner filed a motion to modify the allocation judgment, seeking leave to relocate and to designate herself as the primary residential parent for educational purposes. Four days later, petitioner moved to a home purchased by her fiancé in St. Charles, Illinois. She exercised her parenting time in St. Charles, and the children continued to attend KTA. This required A.E. and J.E. to commute 90 minutes to and from school two or three times per week.

¶ 6        During the eight-day hearing, the court heard testimony from the children's guardian *ad litem* (GAL), petitioner, respondent, maternal grandmother, paternal grandmother, and respondent's wife, and the court interviewed A.E. *in camera*. The court denied petitioner's motion

2

to modify but modified the parenting time schedule as a result of her relocation. Instead of sharing equal parenting time, petitioner's parenting time is now the first, second, and fourth weekend of each month during the school year. During summer break, petitioner has parenting time during the week, with respondent having parenting time every other weekend. Petitioner appeals.

¶ 7                                                                    II. ANALYSIS

¶ 8        On appeal, petitioner argues the court's denial of her request for leave to relocate from Bourbonnais to St. Charles was against the manifest weight of the evidence, not warranted by the evidence or existing law, and was contrary to the best interests of the minor children. "[B]ecause the adjudication of a relocation petition inherently requires a best interests determination, reviewing courts should not reverse a lower court's decision with respect to such petitions unless it is clearly against the manifest weight of the evidence and it appears that a manifest injustice has occurred." *Kenney v. Strang*, 2023 IL App (1st) 221558, ¶ 33. "A court's decision is against the manifest weight of the evidence only where the opposite conclusion is clearly apparent or where its findings are unreasonable, arbitrary, or not based on the evidence presented." *In re Marriage of Kavchak*, 2018 IL App (2d) 170853, ¶ 65.

¶ 9        "In adjudicating a relocation petition, a trial court's paramount consideration is the best interests of the child." *Scott v. Haritos*, 2022 IL App (1st) 220074, ¶ 45. "A determination of the best interests of the child cannot be reduced to a simple bright-line test, but rather must be made on a case-by-case basis, depending, to a great extent, upon the circumstances of each case." *In re Marriage of Eckert*, 119 Ill. 2d 316, 326 (1988).

¶ 10       The standards a court must use in determining a child's best interests in a relocation request are set forth in section 609.2(g) of the Illinois Marriage and Dissolution of Marriage Act:

3

"(g) The court shall modify the parenting plan or allocation judgment in accordance with the child's best interests. The court shall consider the following factors:

(1) the circumstances and reasons for the intended relocation;

(2) the reasons, if any, why a parent is objecting to the intended relocation;

(3) the history and quality of each parent's relationship with the child and specifically whether a parent has substantially failed or refused to exercise the parental responsibilities allocated to him or her under the parenting plan or allocation judgment;

(4) the educational opportunities for the child at the existing location and at the proposed new location;

(5) the presence or absence of extended family at the existing location and at the proposed new location;

(6) the anticipated impact of the relocation on the child;

(7) whether the court will be able to fashion a reasonable allocation of parental responsibilities between all parents if the relocation occurs;

(8) the wishes of the child, taking into account the child's maturity and ability to express reasoned and independent preferences as to relocation;

(9) possible arrangements for the exercise of parental responsibilities appropriate to the parents' resources and circumstances and the developmental level of the child;

(10) minimization of the impairment to a parent-child relationship caused by a parent's relocation; and

(11) any other relevant factors bearing on the child's best interests." 750 ILCS 5/609.2(g) (West 2022).

¶ 11    Here, the court issued a seven-page written memorandum of decision analyzing the 11 statutory factors. The court, however, analyzed the statutory factors with a lens of keeping the parenting plan the same, rather than whether the relocation would be in the best interests of A.E. and J.E. Due to the distance between Bourbonnais and St. Charles, maintaining the current equal parenting time schedule no longer met the best interests of the minor children, and the parenting plan inevitably needed to change. In considering the anticipated impact of the relocation on the children, the court found, "the proposed relocation would create a geographic separation of the parties which would preclude the equal parenting time schedule that currently is in place." Regardless of whether the relocation request was granted or denied, the equal parenting time schedule was no longer feasible, and attempting to maintain it should not have been the court's focus. The court again referenced the impracticability of the weekly equal time schedule in considering the minimization of the impairment to the parent-child relationship caused by the relocation. The court's focus on attempting to maintain the status quo was arbitrary and does not satisfy the statutory requirement of determining the best interests of the minor children.

¶ 12    In considering its ability to fashion a reasonable allocation of parental responsibilities between the parties if relocation is allowed (*id.* § 609.2(g)(7)), the court stated,

> "The parties' current parenting order provides for joint allocation of parental responsibilities and equal parenting time. The proposed relocation is not of such a significant distance to necessitate a change in the allocation of parental responsibilities. Unfortunately, this court sees no viable way to maintain an equal

5

or substantially equal parenting time schedule given the distance between St. Charles and Bourbonnais."

But the standard is not to maintain an *equal or substantially equal* schedule. Rather, the statute requires a *reasonable* allocation of parental responsibilities. There was no mention of the children's best interests. Although we give great deference to the court's findings (*In re Marriage of Fatkin*, 2019 IL 123602, ¶ 32), the court must use the proper statutory standard to make those findings.

¶ 13    Therefore, we remand for the court to evaluate the statutory factors in light of the children's best interests based upon the evidence already presented.

¶ 14                                III. CONCLUSION

¶ 15    The judgment of the circuit court of Kankakee County is vacated and remanded.

¶ 16    Vacated and remanded.